IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DENISE LEAL SANCHEZ, STEPHEN BURGOYNE, THE ESTATE OF RUBIN LEAL, | § § § § § § § § § § § § § § § § § § § § § § | SA-20-CV-00618-ESC |
| *Plaintiffs,* | | |
| vs. | | |
| CITY OF POTEET, TEXAS, ERIC A. JIMINEZ, IN HIS OFFICIAL CAPACITY AS CITY ADMINISTRATOR OF THE CITY OF POTEET; BRUCE HICKMAN, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF POTEET; WILLIAM LAY, IN HIS OFFICIAL CAPACITY AS INSPECTOR FOR THE CITY OF POTEET; AND BILL GAMEZ, IN HIS OFFICIAL CAPACITY AS A MUNICIPAL JUDGE OF THE CITY OF POTEET; | | |
| *Defendants.* | | |

**ORDER**

Before the Court in the above-styled cause of action are Defendants' Motion to Withdraw [#17] and the Motion to Withdraw as Counsel for Plaintiffs [#18].  By her motion, Molly G. Solis of the law firm of Davidson, Troilo, Ream & Garza, P.C., asks the Court for permission to withdraw her representation of the City of Poteet and other individual municipal Defendants.  The motion indicates that the City of Poteet has terminated its contract with counsel as of August 5, 2021.  Defendants have not yet retained new counsel in this matter.  Counsel for Plaintiffs—the Law Office of Martin Golando, PLLC—have also moved to withdraw, as Plaintiffs have also terminated their representation.  Plaintiffs have also not yet retained new counsel.

The Court held a telephonic status conference with counsel for all parties on this day.  As the Court indicated at the conference, the Court finds that counsel has raised a valid basis for

withdrawal.  Current counsel for all parties informed the Court at the conference that the parties desire to retain new counsel and not to proceed *pro se* in this matter.  The Court notes that although individuals may proceed *pro se* in federal court, the City of Poteet, as an entity, may not.  *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (explaining that corporations must have representation in federal court or face default"); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (explaining that partnerships and other entities must have representation in federal court or face default).  Accordingly, if the City of Poteet chooses not to obtain new counsel, it leaves itself vulnerable to an entry of default and final default judgment, if pursued by Plaintiffs.

The Court will therefore grant the motions to withdraw and direct the parties to file either an advisory indicating they intend to proceed *pro se* or providing notice of representation by new counsel within 30 days.  The Court will set this case for a status conference once new representation has been established.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Withdraw [#17] and the Motion to Withdraw as Counsel for Plaintiffs [#18] are **GRANTED**.  Withdrawing counsel are instructed to prepare a copy of their files and forward them to their respective clients' new counsel, once substitute counsel enters an appearance.

**IT IS FURTHER ORDERED** that the Law Office of Martin Golando, PLLC, is terminated as attorneys for Plaintiffs.

**IT IS FURTHER ORDERED** that Molly G. Solis of the law firm of Davidson, Troilo, Ream & Garza, P.C. is terminated as attorney for Defendants.

**IT IS FINALLY ORDERED** that the parties file an advisory on or before **September 15, 2021**, regarding the retention of new counsel or the intention to proceed *pro se*.

**IT IS SO ORDERED.**

SIGNED this 16th day of August, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE