IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DENISE LEAL SANCHEZ, | § § | |
| *Plaintiff,* | § § | SA-20-CV-00618-ESC |
| vs. | § § § | |
| CITY OF POTEET, TEXAS, AND BRUCE HICKMAN, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF POTEET, | § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Defendants' Motion to Dismiss Sanchez's Second Amended Complaint [#54]. All parties have consented to the jurisdiction of a United States Magistrate Judge [#9]. The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Court will **grant** the motion.

## I.  Background

Plaintiff Denise Leal Sanchez originally filed this action on May 25, 2020, against the City of Poteet, Bruce Hickman, in his official capacity as Chief of Police of the City of Poteet, and several other Defendants. At the time of the filing of her Original Complaint, Sanchez was a city councilperson for the City of Poteet. The Original Complaint challenged two actions of Defendants: (1) the threatened condemnation of Sanchez's residence, and (2) the issuance of criminal trespass warnings against Sanchez, which prevented her from entering City Hall, allegedly in retaliation for her political opposition to various City policies.

After the Court denied Sanchez's motion for a temporary restraining order, she filed an Amended Complaint, narrowing the claims and parties. Prior to the filing of the Amended Complaint, Plaintiff was elected Mayor of the City of Poteet. (Am. Compl. [#36], at ¶ 2.) Defendants moved to dismiss the claims asserted in the Amended Complaint, and in response Sanchez filed a second amended pleading. (Second Am. Complaint [#52].) The Court dismissed the motion to dismiss without prejudice in light of the Second Amended Complaint. Defendants have now filed a renewed motion to dismiss.

Sanchez's Second Amended Complaint alleges that Defendants have undertaken various acts against her in retaliation for her exercise of her First Amendment right to question the government of the City of Poteet. (*Id.* at ¶ 1.) According to Sanchez, Defendants attempted to condemn her home during the COVID-19 pandemic; banned her from City Hall, thereby preventing her from performing her job duties as a city councilperson and now Mayor; falsely charged her with a crime for speaking her mind at council meetings; cited her for numerous arbitrary and frivolous violations of city ordinances; unlawfully detained her on these charges and unconstitutionally searched her home; and refused to provide her with the protection of the Poteet Police Department when requested. (*Id.* at ¶¶ 1–22.) Sanchez's pleading asserts three causes of action pursuant to 42 U.S.C. § 1983: unconstitutional search and seizure in violation of the Fourth Amendment (Count 1); violation of her right to due process under the Fourteenth Amendment (Count 2); and a failure to train or supervise police officers involved in these actions (Count 3). (*Id.* at ¶¶ 28–37.) Plaintiff also references First Amendment violations based on the alleged retaliation throughout her pleading. (*Id.* at ¶¶ 1, 21.) For these asserted injuries, Sanchez seeks actual and punitive damages, a declaratory judgment, and attorney's fees and costs. (*Id.* at ¶¶ 30–38.)

By their motion, Defendant City of Poteet and Chief Hickman move to dismiss all of the claims asserted against them in Sanchez's Second Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Sanchez's previous pleadings included an additional Defendant—Eric A. Jiminez, in his official capacity as City Administrator of the City of Poteet. However, Sanchez's Second Amended Complaint does not list Jiminez as a Defendant, although he is referenced in the factual allegations of the pleading. (*Id.* at ¶¶ 2–4.) The Court construes Sanchez's live pleading as only asserting claims against the City and Chief Hickman, and these two Defendants are now moving for dismissal.

Defendants' motion was filed on April 22, 2022. Sanchez moved for an extension of time to file a response to the motion, and the Court granted the request, ordering any response be filed by May 13, 2022. On May 13, 2022, Sanchez's counsel filed a motion to withdraw their representation. After ordering counsel to supplement their motion with a certification bearing Sanchez's signature as to her consent to the withdrawal, the Court granted the motion. In the order granting the motion, the Court again extended the deadline for Sanchez's response to the motion to dismiss, allowing her until June 17, 2022, to obtain new counsel and file her response. To date, Sanchez has not obtained a new attorney or filed a *pro se* response to Defendants' motion.

Under this Court's Local Rules, if no response is filed by the deadline to do so, the Court may construe the motion as unopposed. *See* W.D. Tex. Loc. R. CV-7(d). However, because Defendants' motion, if granted, is dispositive of all of Sanchez's claims, the Court has considered the motion on its merits.

## II.  Legal Standards

Defendants' motion to dismiss seeks dismissal for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Rules of Civil Procedure, and for failure to state a claim upon which relief may be granted, under Rule 12(b)(6) of the Rules of Civil Procedure.

**A.      Dismissal for Lack of Subject Matter Jurisdiction**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  Fed. R. Civ. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).  Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.  *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court may consider any of the following:  (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, a court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.  *Ramming*, 281 F.3d at 161.  This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice.  *Id.*  A court's dismissal of a plaintiff's case because the plaintiff lacks subject-matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.  *Id.*

B.     **Dismissal for Failure to State a Claim**

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Colony Ins. Co.*, 647 F.3d at 252. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III.  Analysis

Defendants argue they are entitled to dismissal of all of Sanchez's claims because she lacks Article III standing, her allegations are vague and conclusory, and she fails to satisfy the

pleadings standards to impose municipal liability on Defendants. The Court finds that, regardless of whether Sanchez has alleged a viable case or controversy under Article III to establish her standing, her claims fail as a matter of law because she has not sufficiently alleged Defendants' municipal liability, and her allegations are too vague and conclusory to state a plausible claim for any of the asserted constitutional violations.

Sanchez's claims all arise under Section 1983. Section 1983 prohibits "persons" acting under the color of law from depriving another of any "rights, privileges, and immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, Sanchez must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Doe ex rel. Magee v. Covington County Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012).

Sanchez names only the City of Poteet and Chief Hickman, in his official capacity as the Chief of Police of the City of Poteet, as Defendants in this case. No defendant is sued in an individual capacity. Official capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Thus, Sanchez's official-capacity suit against Chief Hickman is essentially a suit against the City of Poteet's Police Department, i.e., the City of Poteet.

Municipalities and local governmental entities, like the City of Poteet, qualify as persons liable to suit under Section 1983. *Id.* at 690. A municipality or local governmental entity may be held liable, however, only for those acts for which it is actually responsible. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Municipal liability cannot be predicated on

the doctrine of *respondeat superior*. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Therefore, establishing municipal liability under Section 1983 requires proof of three elements: (1) an official policy or custom; (2) a policymaker who can be charged with actual or constructive knowledge of the policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (quoting *Monell*, 436 U.S. at 694). "[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 578.

Sanchez's pleadings contain nothing more than conclusory allegations that Defendants violated her constitutional rights. Moreover, Sanchez fails to identify any policy or custom causing these violations, let alone any factual allegations that could prove, if true, that an official policy or custom or widespread practice was the moving force behind her injuries.

**A.     Sanchez fails to plead a plausible constitutional violation by Defendants.**

Sanchez fails to plead a Fourth Amendment violation. The Fourth Amendment guarantees the right to be free from unreasonable search and seizure and dictates that warrants shall be issued only upon a showing of probable cause. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 195 (5th Cir. 2009). Sanchez alleges she was falsely charged with crimes, wrongfully detained, and that her home was unreasonably searched "in a fishing expedition." (Second Am. Compl. [#52], at ¶ 29.) Yet, Sanchez does not describe her seizure or the search of her home, when it occurred, whether she was in fact arrested, the crimes with which she was charged, or the

7

outcome of the criminal proceedings. Without any supporting factual allegations, the Court is unable to evaluate the plausibility of Sanchez's Fourth Amendment claim.

Sanchez's due process claim is similarly vague. To state a Fourteenth Amendment procedural due process claim under Section 1983, Sanchez must first identify a protected life, liberty, or property interest and then show that a governmental action resulted in a deprivation of the interest. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). The essential requirements of procedural due process under the Constitution are notice and an opportunity to respond. *Finch v. Fort Bend Independent School Dist.*, 333 F.3d 555, 562 (5th Cir. 2003). To state a substantive due process claim, Sanchez must plead facts that could plausibly establish that the challenged government action is arbitrary, unreasonable, or has no relationship to a legitimate government interest. *See Simi Inv. Co. v. Harris Cnty., Tex.*, 236 F.3d 240, 249 (5th Cir. 2000). Sanchez does not state whether she is attempting to bring a claim based on a violation of her right to substantive or procedural due process. Sanchez merely alleges that she was excluded from entering City Hall and deprived of access to information and city facilities, possibly due to pending criminal charges, but her allegations are unclear. (Second Am. Compl. [#52], at ¶ 34.) Sanchez fails to describe any of the circumstances surrounding her exclusion from City Hall that would allow the Court to evaluate the plausibility of her due process claim. Sanchez's allegations that Defendants' acts violated her right to due process are conclusory and fail to state a claim for relief.

Sanchez's allegations are also far too conclusory to plead a plausible claim based on a failure to train theory. To prevail on such a claim, Sanchez must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of her rights; and (3) the failure to train or supervise

amounts to deliberate indifference. *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (citations omitted).  Sanchez asserts that "[t]here is no doubt that the Police Chief failed to train or supervise the officers involved in these horrendous acts" and that the Police Chief was the "main person calling the shots." (Second Am. Compl. [#52], at ¶ 35.)  She repeatedly states that Defendants were deliberately indifferent to her constitutional rights and that "the entire police force" was involved in the actions leading to "several false criminal convictions," which were "ultimately dismissed." (*Id.* at ¶¶ 36–37.)  These allegations are conclusory and lack sufficient factual support to support a plausible conclusion that a failure to train caused her constitutional injuries and amounted to deliberate indifference to her rights.

**B.    Sanchez fails to plead Defendants' municipal liability.**

Moreover, even if Sanchez had pleaded a constitutional violation, her claims still would fail as a matter of law, as she has not alleged an "official policy or custom" of the City of Poteet or a pattern or practice sufficiently widespread to impose municipal liability on Defendants.  An "official policy or custom" consists of a policy statement or regulation that is officially adopted and promulgated by the municipality's lawmaking officers. *See Williams v. Kaufman County*, 352 F.3d 994, 1013 (5th Cir. 2003).  An "official policy or custom" may also include a "persistent, widespread practice of city officials or employees, which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Fields of City of S. Houston*, 922 F.2d 1183, 1191–92 (5th Cir. 1991).

Sanchez has not alleged an official policy statement adopted by the City of Poteet that has resulted in the alleged unlawful acts underlying this suit. And although she alleges that Defendants have "waged a battle" with her "for years," she has not included sufficient

9

allegations of a widespread practice of the City to harass and retaliate against its residents for engaging in criticism of the City. (*See* Second Am. Compl. [#52], at ¶ 1.) Sanchez fails to plead an official policy and custom to establish *Monell* liability.

If Sanchez's Second Amended Complaint was filed as a *pro se* pleading, the Court might be inclined to construe her allegations more liberally. However, she filed all of her pleadings while represented by counsel. The Court has also already allowed Sanchez one chance to cure the pleading defects identified by Defendants in their first motion to dismiss. Sanchez has already filed three complaints since the inception of this suit. For these reasons, the Court declines to allow Sanchez yet another chance to provide sufficient details to support her claims, especially in light of her failure to retain substitute counsel or to file a *pro se* response to Defendants' motion.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Sanchez's Second Amended Complaint [#54] is **GRANTED**.

**IT IS FURTHER ORDERED** that all of the claims asserted in Sanchez's Second Amended Complaint are hereby **DISMISSED**.

SIGNED this 10th day of August, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE